UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------- x

ANGEL ALVAREZ BOCON,

                                  Plaintiff,

              -against-

419 MANHATTAN AVENUE LLC and HUBERT
NOWAKOWSKI,

                               Defendants.

----------------------------------------------------------------- x

:
:
:
:
:
:
:
:
:
:
:
:

REPORT AND
RECOMMENDATION

23-CV-3502 (PKC)(MMH)

**MARCIA M. HENRY**, United States Magistrate Judge:

       Plaintiff Angel Alvarez Bocon sued Defendants 419 Manhattan Avenue LLC ("419

Manhattan"), Hubert Nowakowski, and Mariuz Kuzniar, alleging violations of the Fair Labor

Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and the New York Labor Law ("NYLL"),

N.Y. Lab. Law §§ 190 and 650 *et seq.*  (*See generally* Compl., ECF No. 1.)[1]  The Court

dismissed Kuzniar from this action pursuant to Federal Rule of Civil Procedure 4(m) after

Plaintiff failed to serve Kuzniar.  (*See* Apr. 2, 2024 Order.)  Before the Court is Plaintiff's

motion for default judgment against 419 Manhattan and Nowakowski, pursuant to Rule

55(b)(2) and Local Civil Rule 55.2(b).  (*See generally* Mot., ECF No. 16.)[2]  The Honorable

Pamela K. Chen referred the motion for report and recommendation.

---

[1] All citations to documents filed on ECF are to the ECF document number (*i.e.*, "ECF No. ___ ")
and pagination "___ of ___" in the ECF header unless otherwise noted.  Citations to the Local
Civil Rules are to the rules effective October 15, 2021, the operative rules when Plaintiff filed the
motion.

[2] Plaintiff's submission includes a notice of the motion (Mot., ECF No. 16); a memorandum of
law (Mem., ECF No. 16-3); the affirmation of Colin Mulholland, Esq. (Mulholland Affirmation,
ECF No. 16-1) and his six exhibits (Mulholland Affirmation Exs. A–F, ECF Nos. 16-4–16-9); and
the declaration of Plaintiff (Pl. Decl., ECF No. 16-2).

For the reasons set forth below, the Court respectfully recommends that Plaintiff's motion for default judgment should be **granted in part** as follows: (1) default judgment should be denied as to Nowakowski, (2) default judgment should be entered against 419 Manhattan, and (3) Plaintiff should be awarded damages as set forth herein.

## I.    BACKGROUND

### A.    Factual Allegations

The following facts are taken from the Complaint, whose well-pleaded allegations are assumed to be true, and the uncontroverted documentary evidence submitted in support of the motion. *Bricklayers & Allied Craftworkers Loc. 2 v. Moulton Masonry & Constr., LLC*, 779 F.3d 182, 187–90 (2d Cir. 2015).

419 Manhattan is a New York corporation with its principal place of business at 164A Driggs Avenue, Brooklyn, New York, 11222. (Compl., ECF No. 1 ¶ 9.)  At all relevant times, Nowakowski owned and operated 419 Manhattan, determined its employees' wages and compensation, and had the authority to hire and fire its employees. (*Id.* ¶ 11–12, 14.) Nowakowski hired Plaintiff, established his work schedule, issued payments to him, and directed Plaintiff in his daily work tasks. (*Id.* ¶¶ 13, 15–17.)

Defendants employed Plaintiff as a construction worker from April 2022 to December 15, 2022, handling goods such as spackle, paint, dry wall, lumber, chemical solvents, and power tools. (*Id.* ¶¶ 2, 33.)  His duties required neither discretion nor independent judgment. (*Id.* ¶ 34.)  Plaintiff typically worked six days per week from Monday to Saturday for eight-hour shifts, or approximately 48 hours per week. (*Id.* ¶ 36.)  Defendants paid him $20 per hour for all hours worked by cash or personal check. (*Id.* ¶¶ 37–38.)

Plaintiff alleges that Defendants did not pay him an overtime premium for hours worked above 40 each week or spread of hours pay for hours worked over 10 each week. (*Id.* ¶¶ 3, 66.) Plaintiff claims that Defendants routinely paid him after more than seven days and did not pay him entirely for five months of work, including four consecutive months from August 25, 2022 to December 16, 2022 and several non-consecutive weeks. (*Id.* ¶¶ 39–40; Pl. Decl., ECF No. 16-2 ¶ 16.) Further, Plaintiff alleges that he did not receive notification regarding overtime and wages, wage notices, and wage statements. (*Id.* ¶¶ 41–43; Pl. Decl., ECF No. 16-2 ¶¶ 19–21.)

## B. Procedural History

On May 9, 2023, Plaintiff initiated this action. (*See generally id.*) Eventually, Plaintiff served process on Nowakowski and 419 Manhattan. (ECF Nos. 6, 9.) After 419 Manhattan and Nowakowski failed to answer or otherwise respond to the Complaint, upon Plaintiff's request, the Clerk of Court entered default against them. (Entry of Default, ECF No. 12.) The Court granted Plaintiff additional time to serve Kuzniar, but later dismissed Kuzniar from the case because Plaintiff failed to timely serve process. (Apr. 2, 2024 Order.)

Plaintiff moved for default judgment against 419 Manhattan and Nowakowski on June 10, 2024, seeking damages including unpaid minimum wages, overtime wages, liquidated damages, statutory damages, pre-judgment interest, post-judgment interest, attorneys' fees, and costs. (Mem., ECF No. 16-3 at 5–12.) Judge Chen referred the motion for report and recommendation. (June 10, 2024 Order Ref. Mot.) To date, 419 Manhattan and Nowakowski have not appeared or otherwise responded to the motion.

## II.    <u>STANDARD FOR DEFAULT JUDGMENT</u>

Rule 55 of the Federal Rules of Civil Procedure dictates a two-step process for a party to obtain a default judgment. Fed. R. Civ. P. 55(a)-(b); *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005); *Nam v. Ichiba Inc.*, No.19-CV-1222 (KAM), 2021 WL 878743, at *2 (E.D.N.Y Mar. 9, 2021). First, when a party uses an affidavit or other proof to show that a party has "failed to plead or otherwise defend" against an action, the clerk shall enter a default. Fed. R. Civ. P. 55(a). If a claim is for "a sum certain or a sum that can be made certain by computation," the clerk can enter judgment. Fed. R. Civ. P. 55(b)(1). Second, and "[i]n all other cases, the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2); *Victoriano Gonzalez v. Victoria G's Pizzeria LLC*, No. 19-CV-6996 (DLI)(RER), 2021 WL 6065744, at *5 (E.D.N.Y. Dec. 22, 2021). To "enter or effectuate judgment," the Court is empowered to "(A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b)(2).

The decision to grant or deny a default motion is "left to the sound discretion of a district court." *Shah v. New York State Dep't of Civ. Serv.*, 168 F.3d 610, 615 (2d Cir. 1999) (cleaned up). The Court must draw all reasonable inferences in favor of the movant. *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009). However, "a default . . . only establishes a defendant's liability if those allegations are sufficient to state a cause of action against the defendant." *Double Green Produce, Inc. v. F. Supermarket Inc.*, 387 F. Supp. 3d 260, 265 (E.D.N.Y. 2019) (cleaned up).

III.    **JURISDICTION AND VENUE**

A.    **Subject Matter Jurisdiction**

"Before granting a motion for default judgment, a court must first determine whether it has subject matter jurisdiction over the action." *Mt. Hawley Ins. Co. v. Pioneer Creek B LLC*, No. 20-CV-150 (ALC), 2021 WL 4427016, at *3 (S.D.N.Y. Sept. 27, 2021) (citing *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 125–27 (2d Cir. 2011)).  The Court has original jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b).  28 U.S.C. § 1331.  The Court may also exercise supplemental jurisdiction over Plaintiff's NYLL claims because they arise out of the same facts and circumstances as the FLSA claims.  28 U.S.C. § 1367(a); *McLaughlin v. Onanafe Mgmt. Sols. LLC*, No. 22-CV-6792 (PKC)(MMH), 2024 WL 4184485, at *3 (E.D.N.Y. Sept. 14, 2024), *adopted by* 2024 WL 4355485 (E.D.N.Y. Sept. 30, 2024) (cleaned up).

B.    **Personal Jurisdiction**

"[B]efore a court grants a motion for default judgment, it may first assure itself that it has personal jurisdiction over the defendant." *Sinoying Logistics Pte Ltd. V. Yi Da Xin Trading Corp.,* 619 F.3d 207, 213 (2d Cir. 2010).  The three requirements for personal jurisdiction are: (1) the plaintiff's service of process upon the defendant must have been procedurally proper; (2) there must be a statutory basis for personal jurisdiction that renders such service of process effective; and (3) the exercise of personal jurisdiction must comport with constitutional due process principles.  *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50, 59–60 (2d Cir. 2012) (subsequent history omitted).

The Court has jurisdiction over Defendants.  *First*, Plaintiff properly served 419 Manhattan by delivering copies of the Summons and Complaint to the New York Secretary of

State.  (Aff. of Service, ECF No. 6.)  This method of service on a limited liability company complies with federal and state procedural rules.  Fed. R. Civ. P. 4(h)(1)(A), (e)(1); N.Y. C.P.L.R. § 311-a(a); N.Y. Ltd. Liab. Law § 301(a).  Further, after two unsuccessful but diligent attempts to serve Nowakowski personally, Plaintiff properly served him by affixing the Complaint and summons to the door of Nowakowski's usual place of adobe and mailing the Complaint and summons to him by first class mail.  (Aff. of Service, ECF No. 9.)  This service method follows federal and state rules for service on individuals.  Fed. R. Civ. P. 4(e)(1); N.Y. C.P.L.R. § 308(4).

*Second*, the Court has general jurisdiction against 419 Manhattan because it is a New York limited liability company doing business in New York.  *McLaughlin*, 2024 WL 4184485, at *3.  And although Plaintiff does not allege Nowakowski's domicile, the Court would have general jurisdiction over him if he was domiciled in New York. *Solis v. Tropical Rest. Bar Inc.*, No. 23-CV-1707 (ENV)(MMH), 2024 WL 4271234, at *4 (E.D.N.Y. Sept. 19, 2024) (citing *Francis v. Ideal Masonry, Inc.*, 16-CV-2839 (NGG)(PK), 2018 WL 4292171 at *3 (E.D.N.Y. Aug. 3, 2018)), *adopted by* Order Adopting R. & R., *Solis v. Tropical Rest. Bar Inc.*, No. 23-CV-1707 (ENV)(MMH) (Dec. 5, 2024).  If he was not, "a federal court in New York may exercise personal jurisdiction over a non-resident defendant based either on general jurisdiction, under C.P.L.R. § 301, or specific jurisdiction, under C.P.L.R. § 302." *Weitsman v. Levesque*, No. 3:17-CV-727 (MAD)(DEP), 2019 WL 7503022, at *3 (N.D.N.Y. Jan. 11, 2019) (cleaned up).  As alleged, Nowakowski conducted business within the state and "possessed operational control over [and] an ownership interest in" 419 Manhattan and "controlled [its] significant functions," which sufficiently establishes specific jurisdiction. (Compl., ECF No. 1 ¶ 11.)

*Finally*, "[s]ince jurisdiction is proper for 419 Manhattan and Nowakowski under [the] CPLR, the Court's exercise of personal jurisdiction comports with constitutional due process." *Francis*, 2018 WL 4292171, at *3. Each defendant therefore "has sufficient contacts with the forum state to justify the court's exercise of personal jurisdiction" and "it is reasonable to exercise personal jurisdiction under the circumstances of the particular case." *Licci*, 673 F.3d at 60 (citation omitted).

Accordingly, the Court has personal jurisdiction over 419 Manhattan and Nowakowski.

### C.     Venue

"[A] civil action may be brought in a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." 28 U.S.C. § 1391(b)(1). A corporation is deemed to be a resident of "any district" in "a state which has more than one judicial district and in which . . . [that] corporation is subject to personal jurisdiction at the time an action is commenced." *Id.* § 1391(d). Venue is proper in this district because the failure to pay wages alleged in the Complaint occurred during Plaintiff's employment at 419 Manhattan, a New York limited liability company with its registered business address in Brooklyn, New York. (Compl., ECF No. 1 ¶ 9.)

## IV.     PROCEDURAL COMPLIANCE

### A.     Local Civil Rules

Under Local Civil Rule 55.2(c), "all papers submitted to the Court" in support of a motion for default judgment "shall simultaneously be mailed to the party against whom a default judgment is sought at the last known residence of such party (if individual) or the last known business address of such party (if a person other than individual)." Local Civ. R. 55.2(c). A court may deny a motion for default judgment if the moving party fails to mail the

motion papers and file proof with the Court. *Tenemaza v. Eagle Masonry Corp.*, No. 20-CV-452 (AMD)(VMS), 2021 WL 8317120, at *4 (E.D.N.Y. July 22, 2021).

Plaintiff has demonstrated compliance with the requirements for default judgment motion as to 419 Manhattan and Nowakowsi. *See D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 109 n.2 (2d Cir. 2006) ("A district court has broad discretion to determine whether to overlook a party's failure to comply with local rules."). Generally, Plaintiff includes a notice of motion, a memorandum of law in support of the motion, a copy of the Complaint, and a proposed judgment. Local Civ. R. 7.1(a)(1)–(2), 55.2(b)(2)–(3). Plaintiff also submits a copy of the Clerk's certificate of default, proof of service of the Complaint, and proof of mailing the motion. Local Civ. R. 55.2(b)(1), 55.2(b)(3), 55.2(c). Accordingly, the Court finds that Plaintiff has complied with this district's Local Rules to provide adequate notice to Defendants. *See Perry v. High Level Dev. Contracting & Sec. LLC*, No. 20-CV-2180 (AMD)(PK), 2022 WL 1018791, at *4 (E.D.N.Y. Mar. 16, 2022) (listing similar submissions as compliant with the Local Civil Rules), *adopted by* 2022 WL 1017753 (E.D.N.Y. Apr. 5, 2022).

### B.    Servicemembers Civil Relief Act

Pursuant to the Servicemembers Civil Relief Act ("SCRA"), "[i]n a default judgment action, a plaintiff is required to file an affidavit that states whether the defendant is serving in the military and must show necessary facts in support of the affidavit." *Lopez v. Metro & Graham LLC*, No. 22-CV-332 (CBA)(RER), 2022 WL 18809176, at *5 (E.D.N.Y. Dec. 16, 2022), *adopted by* 2023 WL 2140418 (E.D.N.Y. Feb. 21, 2023) (citing 50 U.S.C. § 3931(b)(1)); *see also Citibank, N.A. v. McGarvey*, 765 N.Y.S.2d 163, 167 (Civ. Ct. 2003) ("The federal and state Soldiers' and Sailors' Civil Relief Acts . . . require that, before a default

judgment can be entered against a natural person who has otherwise not answered or appeared in an action or proceeding, the party seeking to enter the default judgment must submit an affidavit to the Court showing that the defaulting party is neither in active military service nor dependent on anyone else who is.") (citing 50 U.S.C. App. §§ 520(1) & 536 [now codified at 50 U.S.C. § 3931]  & N.Y. Mil. Law §§ 303(1), 306 (2003)); *LW Holdco V LLC v. Puls*, 192 N.Y.S.3d 481 (N.Y. Sup. Ct. 2023) (tbl.).  "The non-military affidavit must be based not only on an investigation conducted after the commencement of an action or proceeding but also after a default in appearance by the party against whom the default [judgment] is to be entered." *Tenemaza*, 2021 WL 8317120, at *5  (citing *Pruco Life Ins. Co. of New Jersey v. Est. of Locker*, No. 12-CV-882 (ENV)(RML), 2012 WL 3062754, at *1 (E.D.N.Y. July 23, 2012)); *Morales v. Los Cafetales Rest. Corp.*, No. 21-CV-1868 (AMD)(RER), 2023 WL 375647, at *4 (E.D.N.Y. Jan. 3, 2023), *adopted by* 2023 WL 375642 (E.D.N.Y. Jan. 24, 2023).  Failure to comply with these requirements is sufficient to deny default judgment.  *Windward Bora, LLC v. Ortiz*, No. 21-CV-4154 (MKB)(JMW), 2022 WL 3648622, at *5 (E.D.N.Y. July 5, 2022), *adopted by* 2022 WL 3647586 (E.D.N.Y. Aug. 24, 2022).

Here, Plaintiff has not established his compliance with the SCRA as to Nowakowski. *First*, Plaintiff fails to establish that Nowakowski was not a member of the armed forces at the time he was served with process.  As noted, the summons and Complaint were served on Nowakowski via first-class mail sent to Nowakowski's place of adobe at 72-36 67th Street, Glendale, NY 11385 after prior unsuccessful attempts to personally serve him at the same address.  (ECF Nos. 7–9.)  Plaintiff does not offer facts that the process server specifically confirmed Nowakowski's military status when attempting personal service.  On this record,

the Court cannot find Plaintiff's compliance with the SCRA.  *See Lopez*, 2022 WL 18809176, at *5.

*Second*, Plaintiff does not offer information about his own attempts to determine Nowakowski's military status.  In his memorandum of law, Plaintiff states in conclusory fashion, that "on information and belief . . . Nowakowski [is] not in the military."  (Mem., ECF No. 16-3 at 2.)  It is Plaintiff's burden to "develop any information" regarding Defendants' military service and to present it to the court.  *See* 50 U.S.C. § 3931(b)(1) ("the court . . . shall require *the plaintiff* to file" an affidavit) (emphasis added).  Further, Plaintiff's proof of service of the default motion papers "fail[s] to offer facts to . . . show that any investigation into [Defendant's] military status had been conducted since attempting to serve process" in this case.  *Pinela Jurado v. Sabor Hispano, Inc.*, No. 20-CIV-1104 (RPK)(VMS), 2021 WL 11690645, at *7 (E.D.N.Y. Aug. 5, 2021).[3]

Because Plaintiff fails to demonstrate compliance with the SCRA, the Court respectfully recommends that the motion for default judgment against Nowakowski should be **denied**.  The remaining analysis applies to 419 Manhattan only.

## V.    <u>DEFAULT JUDGMENT FACTORS</u>

Courts use the same three-factor test used to set aside a default judgment to determine whether to grant a default judgment.  *See Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993); *Avail 1 LLC v. Latief*, No. 17-CV-5841 (FB)(VMS), 2020 WL 5633869, at *4

---

[3] "Plaintiff's burden in this regard is not a heavy one, as the Department of Defense maintains a Servicemembers Civil Relief Act website for the purposes of, among other things, determining whether an individual is on active duty."  *Pinela Jurado*, 2021 WL 11690645, at *7; *see also Morales*, 2023 WL 375647, at *5 n.3 ("It is possible to obtain a report certifying active-duty military status through the Servicemembers Civil Relief Act website."); https://scra.dmdc.osd.mil/scra/#/home (website for free requests).

(E.D.N.Y. Aug. 14, 2020).  Specifically, courts examine: "(1) whether the defendant's default was willful; (2) whether the defendant has a meritorious defense to the plaintiff's claims; and (3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment."  *Courchevel 1850 LLC v. Rodriguez*, No. 17-CV-6311 (MKB), 2019 WL 2233828, at *3 (E.D.N.Y. May 22, 2019) (citing *Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 170–71 (2d Cir. 2001)).

Here, all three factors weigh in Plaintiff's favor.  *First*, "[419 Manhattan's] non-appearance and failure to respond to the Complaint or otherwise appear indicate willful conduct."  *See Tambriz v. Taste & Sabor, LLC*, 577 F. Supp. 3d 314, 321 (E.D.N.Y. 2021).  *Second*, without an answer to the Complaint, "the Court cannot determine whether a defendant has a meritorious defense and granting a default judgment is favored under those circumstances."  *Avedana v. Casa Ofelia's Bakery LLC*, No. 20-CV-2214 (DG)(AKT), 2021 WL 4255361, at *4 (E.D.N.Y. Aug. 19, 2021), *adopted by* 2021 WL 4248857 (E.D.N.Y Sept. 17, 2021).  *Third*, Plaintiff will be prejudiced if the motion for default judgment is denied because "there are no additional steps available to secure relief in this Court."  *Reyes v. Tacos El Gallo Giro Corp.*, No. 20-CV-3474 (EK)(SJB), 2022 WL 940504, at *2 (E.D.N.Y. Jan. 25, 2022) (citation omitted), *adopted by* 2022 WL 939769 (E.D.N.Y. Mar. 29, 2022).

Based on the foregoing, entry of default judgment is permissible.  The Court now turns to the issue of liability.

## VI.   LIABILITY

### A.   Statute of Limitations

"The limitations period for FLSA claims is two years, 'except that a cause of action arising out of a willful violation may be commenced within three years.'"  *Whiteside v. Hover-*

*Davis, Inc.*, 995 F.3d 315, 319 (2d Cir. 2021) (quoting 29 U.S.C. § 255(a)).  "When a defendant defaults, the violation is considered willful and the three-year statute of limitations applies." *Esquivel v. Lima Rest. Corp.*, No. 20-CV-2914 (ENV)(MMH), 2023 WL 6338666, at *5 (E.D.N.Y. Sept. 29, 2023), *adopted by* Order Adopting R. & R., *Esquivel v. Lima Rest. Corp.*, No. 20-CV-2914 (ENV)(MMH) (E.D.N.Y. Nov. 30, 2023).  In contrast, the NYLL establishes a six-year limitations period for wage claims.  N.Y. Lab. Law §§ 198(3), 663(3).  The statute of limitations begins to run when an employee begins to work for the employer.  *Esquivel*, 2023 WL 6338666, at *5.  Plaintiff began working for 419 Manhattan in April 2022 and commenced this action on May 9, 2023.  (Compl., ECF No. 1 ¶¶ 8–9.)  In light of 419 Manhattan's default, Plaintiff may recover under the FLSA for any claims starting on May 9, 2020, and under the NYLL for all claims that accrued since the beginning of his employment.

**B.    FLSA Coverage**

To establish a minimum wage or overtime claim under the FLSA, the "plaintiff must prove the following: (1) the defendant is an employer subject to [the] FLSA; (2) the plaintiff is an 'employee' within the meaning of [the] FLSA; and (3) the employment relationship is not exempted from the FLSA."  *Solis*, 2024 WL 4271234, at *7 (quoting *Payamps v. M & M Convenience Deli & Grocery Corp.*, No. 16-CV-4895 (LDH)(SJB), 2019 WL 8381264, at *6 (E.D.N.Y. Dec. 9, 2019)) (cleaned up); 29 U.S.C. §§ 206(a), 207(a).

**1.    Employer Subject to the FLSA**

The Complaint alleges that 419 Manhattan was Plaintiff's employer within the meaning of the FLSA.  (Compl., ECF No. 1 ¶ 49.)  An employer includes, "any person [*e.g.*, an individual or a corporation] acting directly or indirectly in the interest of an employer in relation to an employee."  29 U.S.C. § 203(a), (d).  "For employees to be covered by the FLSA,

12

they must show either that their employer was an enterprise engaged in interstate commerce or that their work as employees regularly involved them in interstate commerce." *Marine v. Vieja Quisqueya Rest. Corp.*, No. 20-CV-4671 (PKC)(RML), 2022 WL 17820084, at *3 (E.D.N.Y. Sept. 8, 2022), *adopted by* Order Adopting R. & R., *Marine v. Vieja Quisqueya Rest. Corp.*, No. 20-CV-4671 (PKC) (E.D.N.Y. Sept. 23, 2022); 29 U.S.C. §§ 206, 207. These two methods of establishing FLSA coverage are known as "enterprise coverage" and "individual coverage," respectively. *Sanchez v. Ms. Wine Shop*, 643 F. Supp. 3d 355, 367 (E.D.N.Y. 2022).

The enterprise coverage test considers whether the employer has employees "engaged in commerce or in the production of goods for commerce," *i.e.*, it "has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person" and has an "annual gross volume of sales made or business done . . . not less than $500,000." 29 U.S.C. § 203(s)(1)(A)(i)–(ii); *Perry*, 2022 WL 1018791, at *6. Here, Plaintiff alleges that 419 Manhattan was "directly engaged in interstate commerce" because (1) he worked as a construction worker, (2) the "tools and materials" he and other 419 Manhattan employees used, "such as dry wall, spackle, paint, lumber and power tools, were produced outside the State of New York," and (3) he "regularly handled goods in interstate commerce, such as spackle, paint, dry wall, lumber, chemical solvents, power tools and other supplies produced outside the state of New York." (*See* Compl., ECF No. 1 ¶¶ 2, 30, 33.) Plaintiff also alleges that in 2022 and 2023, 419 Manhattan "had an annual gross volume of sales of not less than $500,000.00 (exclusive of excise taxes at the retail level that

are separately stated)." (*Id.* ¶ 29.)  These allegations are sufficient to establish FLSA enterprise coverage.[4]

### 2.      Employee Subject to the FLSA

The FLSA defines an "employee" as "any individual employed by an employer."  29 U.S.C. § 203(e)(1).  "Two types of employees are covered: (1) 'employees who in any workweek [are] engaged in commerce or in the production of goods for commerce;' and (2) employees who are 'employed in an enterprise engaged in commerce or in the production of goods for commerce.'"  *Palaghita v. Alkor Cap. Corp.*, No. 19-CV-1504 (ARR)(RER), 2021 WL 4464121, at *9 (E.D.N.Y. Aug. 20, 2021), *adopted by* 2021 WL 4463483 (E.D.N.Y. Sept. 29, 2021) (quoting 29 U.S.C. § 207(a)(1)).  The FLSA does not extend to employees who are exempt from its minimum wage and overtime requirements.  *See* 29 U.S.C. § 213(a) (listing multiple exemptions).

---

[4]  Because the enterprise coverage test has been met, the Court need not address whether Plaintiff satisfies the individual coverage test.  However, the Court notes that Plaintiff could also establish FLSA protection under the individual coverage test.  "Individual coverage under the FLSA can be established where the employee is engaged in commerce or produced goods in commerce." *Sarr v. VEP Assocs. LLC*, No. 22-CV-4386 (ENV)(MMH), 2024 WL 1251600, at *3 (E.D.N.Y. Mar. 25, 2024) (cleaned up), *adopted by* Order Adopting R. & R., *Sarr v. VEP Assocs. LLC*, No. 22-CV-4386 (ENV)(MMH) (E.D.N.Y. Apr. 15, 2024).  "Employees are 'engaged in commerce' within the meaning of the [FLSA] when they are performing work involving or related to the movement of persons or things (whether tangibles or intangibles, and including information and intelligence) among several States or between any State and any place outside thereof."  29 C.F.R. § 779.103.  Further, "[a]n employee shall be deemed to have been engaged in the production of goods if such employee was employed in . . . handling . . . or in another manner working on such goods." 29 U.S.C. § 203(j). As noted, Plaintiff regularly handles construction supplies and tools that are manufactured outside the state of New York.

Plaintiff has alleged facts that establish that he is engaged in non-exempt employment under the FLSA.[5]  Specifically, the Complaint alleges that Plaintiff was employed as a "construction worker" who used construction supplies such as drywall, spackle, lumber, and power tools. (Compl, ECF No. 1 ¶ 30.)  As a matter of law, "construction workers are non-exempt employees under the FLSA."  *Romero v. Floris Constr., Inc.*, No. 16-CV-4282 (PKC)(RLM), 2017 WL 5592681, at *5 (E.D.N.Y. Nov. 20, 2017) (citing *Krupinski v. Laborers E. Region Org. Fund*, No. 15-CV-982, 2016 WL 5800473, at *3–5 (S.D.N.Y. Oct. 2, 2016)), which in turn cites 29 U.S.C. § 213(a)(1)); *see also* 29 C.F.R. § 541.23 ("The [§ 213](a)(1) exemptions . . . do not apply to manual laborers . . . .  Thus, for example, non-management production-line employees and non-management employees in . . . construction and similar occupations such as . . . construction workers and laborers are entitled to minimum wage and overtime premium pay under the [FLSA], and are not exempt under the regulations in this part no matter how highly paid they might be.").  The Court does not find any basis for exempting Plaintiff's employment relationship from the FLSA's provisions.  Accordingly, Plaintiff qualifies for the protections of the FLSA.

## C.    NYLL Coverage

To recover under the NYLL, Plaintiff must first "establish that the employment relationship with Defendant falls within the NYLL, which applies to 'any person employed for hire by an employer in any employment.'"  *Perry*, 2022 WL 1018791, at *7 (quoting N.Y.

---

[5] Defendants have not appeared in this case to assert or offer any facts to support a finding that Plaintiff is an exempt employee.  *See Dejesus v. HF Mgmt. Servs.*, LLC, 726 F.3d 85, 91 n.7 (2d Cir. 2013) ("A claim of exemption under the FLSA is an affirmative defense, and the employer bears the burden of proof in making any such claim.") (citing *Corning Glass Works v. Brennan*, 417 U.S. 188, 196 (1974) and *Martin v. Malcolm Pirnie, Inc.*, 949 F.2d 611, 614 (2d Cir. 1991)).

Lab. Law § 190). "Under the New York Labor Law, the definition of employee and employer are nearly identical as those under the FLSA, though the NYLL does not require that a defendant achieve a certain minimum in annual sales or business in order to be subject to the law." *Pelgrift v. 335 W. 41st Tavern Inc.*, No. 14-CV-8934 (AJN), 2017 WL 4712482, at *7 (S.D.N.Y. Sept. 28, 2017) (citing N.Y. Lab. Law §§ 651(5)-(6) and *Garcia v. Badyna*, No. 13CV-4021 (RRM)(CLP), 2014 WL 4728287, at *6 (E.D.N.Y. Sept. 23, 2014)). Additionally, "[u]nder the NYLL, an employee-employer relationship is established through 'the degree of control exercised by the purported employer' over the employee." *Brito v. Marina's Bakery Corp.*, No. 19-CV-828 (KAM)(MMH), 2022 WL 875099, at *8 (E.D.N.Y. Mar. 24, 2022) (quoting *Hart v. Rick's Cabaret Int'l, Inc.*, 967 F. Supp. 2d 901, 923 (S.D.N.Y. 2013)). The Court has already determined that 419 Manhattan is Plaintiff's employer within the meaning of the FLSA. (*See* § VI.B., *supra*.) "Because the NYLL's definition of 'employer' is coextensive with the FLSA's definition . . . [419 Manhattan is] Plaintiff's employer[] within the meaning of the NYLL" as well. *Perry*, 2022 WL 1018791, at *7. Therefore, the Court respectfully recommends that Plaintiff qualifies for the protections under the NYLL.

### D. Statutory Violations

In the Complaint, Plaintiff alleges that 419 Manhattan violated the FLSA and NYLL provisions related to overtime wages and unpaid wages (Counts 1 through 4) and the NYLL provisions related to spread of hours, wage notices, wage statements, and unpaid and untimely wages (Counts 5 through 8). (*See* Compl., ECF No. 1 ¶¶ 44–82.) However, the motion does not address or seek damages related to spread of hours pay (Count 5). (*See* Mem., ECF No. 16-3 at 3, 6–7; *see also id.* at 5 (describing Plaintiff's damages for minimum wage and overtime

wage damages); Mulholland Affirmation Ex. D, ECF No. 16-7 (damages chart).)  Accordingly, this claim is waived.  *Esquivel*, 2023 WL 6338666, at *7.[6]

### 1.    FLSA and NYLL Violations

#### a.    Minimum Wage (Counts 2, 4)

Under the FLSA and the NYLL, "[a]n employer may not pay an employee less than the statutory minimum wage for each hour the employee worked in any week." *McLaughlin*, 2024 WL 4184485, at *9 (cleaned up).  "An employee bringing an action for unpaid minimum wages under the FLSA and the NYLL has the burden of proving that he performed work for which he was not properly compensated." *Fermin*, 93 F. Supp. 3d at 41 (cleaned up).  "A plaintiff may sufficiently establish FLSA or NYLL minimum wage violations through an affidavit or declaration stating the number of hours worked." *Brito*, 2022 WL 875099, at *10.  "'If the defendant has defaulted, however, the court may presume that the plaintiff's recollection and estimates of the hours he or she worked are accurate.'" *Tzilin v. Jimmy G Constr. Corp*., No. 23-CV-4047 (ENV)(MMH), 2024 WL 4309775, at *9 (E.D.N.Y. Sept. 26, 2024) (quoting *Zabrodin v. Silk 222, Inc.*, 702 F. Supp. 3d 102, 119 (E.D.N.Y. 2023)), *adopted by* Order Adopting R. & R., *Tzilin v. Jimmy G Constr. Corp.*, No. 23-CV-4047 (ENV)(MMH) (E.D.N.Y. Jan. 15, 2025.).

---

[6] Even if the spread of hours claim was not waived, the Court would recommend denial of default judgment for this claim. A plaintiff sufficiently establishes an employer's liability for failure to provide spread of hours pay when he alleges that he worked in excess of ten hours on a given day but did not receive spread of hours pay. *See* 12 N.Y.C.R.R. § 142-2.4; *Rosas v. M & M LA Solucion Flat Fixed Inc*., No. 23-CV-1212 (DG)(MMH), 2024 WL 4131905, at *10 (E.D.N.Y. Sept. 10, 2024) (citing *Ms. Wine Shop*, 643 F. Supp. 3d at 371). "A limitation upon a plaintiff's eligibility to recover for spread-of-hours is that the plaintiff [may] not earn more than the minimum wage." *Fermin*, 93 F. Supp. 3d at 45 (cleaned up). Plaintiff alleges that he worked eight hours per day, not the ten hours required for spread of hours pay, and earned $20 per hour, which exceeds the applicable minimum wage throughout his employment. (*See* § VI.D.1.b., *infra*.)

As an initial matter, the Court must determine the applicable minimum wage rates under state, local, and federal law because Plaintiff is entitled to recover the highest minimum wage rate available at any given period of his employment. 29 U.S.C. § 218(a); *Brito*, 2022 WL 875099, at \*9. Under New York law, the applicable minimum wage rate is determined by the size and location of the employer and the dates of the plaintiff's employment. N.Y. Lab. Law § 652(1); 12 N.Y.C.R.R. § 142-2.1(a). Plaintiff alleges that he was employed from April 2022 until December 15, 2022. (Compl., ECF No. 1 ¶ 32.) While Plaintiff does not allege 419 Manhattan's size or its number of employees, during this period, the NYLL minimum wage rate was $15.00 per hour for employers of any size located in New York City. *See* N.Y. Lab. Law § 652(1)(a)(i)–(ii); 12 N.Y.C.R.R. § 142-2.1(a)(1)(i). Because the state and local minimum wage rate was higher than the federal minimum wage rate, Plaintiff is entitled to compensation using the local minimum wage rate of $15.00 per hour. *Compare* N.Y. Lab. Law § 652(1)(a) (after December 31, 2018, applicable New York City minimum wage rate of $15.00 per hour) *with* 29 U.S.C. § 206(a)(1) (federal minimum wage rate of $7.25 per hour after July 24, 2009).

Here, Plaintiff establishes that 419 Manhattan failed to pay him the applicable minimum wage of $15.00 per hour during some of his employment. Specifically, the Complaint alleges that 419 Manhattan "failed to pay Plaintiff entirely for five months of work" including "four consecutive months without pay and several non-consecutive weeks where Plaintiff was not paid." (Compl., ECF No. 1 ¶ 39.) Additionally, as alleged, 419 Manhattan "did issue a check to Plaintiff for some of that period, however that check bounced for insufficient funds." (*Id*. ¶ 40.) "Because [Plaintiff was] paid $0 per hour, [he has] established Defendant's liability for failure to pay minimum wages under both the FLSA and the NYLL."

18

*Sanchez v. Hyper Structure Corp.*, No. 19-CV-04524(KAM)(PK), 2023 WL 2815717, at *8 (E.D.N.Y. Feb. 24, 2023), *adopted as modified sub nom. by Sanchez v. Trescly*, No. 19-CV-4524(KAM)(PK), 2023 WL 2473070 (E.D.N.Y. Mar. 13, 2023).    Accordingly, the Court respectfully recommends that 419 Manhattan should be liable for violating the FLSA's and NYLL's minimum wage provisions.

### b.    Overtime Wage (Counts 1, 3)

The FLSA requires that "'for a workweek longer than forty hours,' an employee working 'in excess of' forty hours shall be compensated for those excess hours 'at a rate not less than one and one-half times the regular rate at which [she or] he is employed.'" *Dejesus*, 726 F.3d at 88 (quoting 29 U.S.C. § 207(a)).    The NYLL includes the same requirement, providing that eight hours constitutes a "legal day's work."    N.Y. Lab. Law § 160.    For non-hospitality workers such as Plaintiffs, "[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate for hours worked in excess of 40 hours in one workweek."    12 N.Y.C.R.R. § 142-2.2.    "[I]n order to state a plausible FLSA overtime claim, a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours."    *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 114 (2d Cir. 2013).    "Plaintiffs must provide sufficient detail about the length and frequency of their unpaid work to support a reasonable inference that they worked more than forty hours in a given week."    *Nakahata v. New York-Presbyterian Health Care Sys., Inc.*, 723 F.3d 192, 201 (2d Cir. 2013).

Plaintiff sufficiently establishes that 419 Manhattan failed to pay him the requisite overtime pay.    Plaintiff alleges that between April 2022 until December 15, 2022, he typically worked approximately 48 hours per week but 419 Manhattan did not pay him an overtime

premium of one-and-one-half his regular pay rate for each hour worked over 40 in a seven-day period.  (Compl., ECF No. 1 ¶¶ 32, 45.)  The Court therefore respectfully recommends that 419 Manhattan should be liable for failure to pay overtime wages under both the FLSA and NYLL.

### 2.    NYLL Statutory Violations[7]

#### a.    Wage Notice and Wage Statement Violations (Counts 6 and 7)

Pursuant to the New York Wage Theft Protection Act ("WTPA"), an employer must provide its employees, at the time of hiring, a written notice containing, *inter alia*, "the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; . . . the regular pay day designated by the employer"; and the employer's address and telephone number.  N.Y. Lab. Law § 195(1)(a).  The WTPA also requires employers to "provide employees with 'a statement with every payment of wages,' listing various information including the dates of work covered by the payment, information identifying the employer and employee, details regarding the rate of pay and the overtime rate of pay, and the number of hours worked."  *Perry*, 2022 WL 1018791, at *8 (quoting N.Y. Lab. Law § 195(3)).

"The Supreme Court recently held that a technical violation triggering a statutory damage award only confers Article III standing if the plaintiff demonstrates an actual and

---

[7] The Court disregards Plaintiff's allegation that 419 Manhattan paid him "a fixed rate salary in violation of the NY Hospitality Wage Order." (Compl., ECF No. 1 ¶ 57.) Nothing in the record suggests that Plaintiff is "an individual suffered or permitted to work in the hospitality industry by the operator of the establishment or by any other employer[.]"—*i.e.*, the definition of an "employee" pursuant to the Hospitality Wage Order.  *See* 12 N.Y.C.R.R. § 146-3.2(a).

concrete injury resulting from that violation." *Guthrie v. Rainbow Fencing Inc.*, No. 21-CV-5929 (KAM)(RML), 2022 WL 18999832, at *6 (E.D.N.Y. Dec. 13, 2022) ("*Guthrie I*") (citing *TransUnion LLC v. Ramirez*, 594 U.S. 413 (2021)), *adopted as modified*, 2023 WL 2206568 (E.D.N.Y. Feb. 24, 2023) ("*Guthrie II*"), *aff'd*, 113 F.4th 300, 310–11 (2d Cir. 2024) ("*Guthrie III*"). "To establish [Article III] standing, a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion*, 594 U.S. at 423 (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)). To demonstrate an injury in fact, a plaintiff "must show the invasion of a [1] legally protected interest that is [2] concrete and [3] particularized and [4] actual or imminent, not conjectural or hypothetical." *Maddox v. Bank of N.Y. Mellon Tr. Co., N.A.*, 19 F.4th 58, 62 (2d Cir. 2021) (cleaned up).

To plausibly allege a WTPA violation, "a plaintiff must show some causal connection between the lack of accurate notices and the downstream harm." *Guthrie III*, 113 F.4th at 308. Put another way, "[a]n 'asserted informational injury that causes no adverse effects cannot satisfy Article III.'" *Id.* at 307 (quoting *TransUnion*, 594 U.S. at 442, which in turn quotes *Trichell v. Midland Credit Mgmt., Inc.*, 964 F.3d 990, 1004 (11th Cir. 2020)).

> A plaintiff-employee may have suffered an injury-in-fact sufficient to establish standing when, for example, inaccurate or noncompliant notices prevented the employee from obtaining full payment of wages in a timely fashion. But the plaintiff-employee cannot "assume[ ] [t]his conclusion without analysis" or rely on "speculation and conjecture." . . . Rather, the plaintiff-employee must support a plausible "theory as to how he was injured by [the] defendants' failure to provide the required documents."

*Guthrie III*, 113 F.4th at 309 (quoting *Quieju v. La Jugueria Inc.*, No. 23-CV-264 (BMC), 2023 WL 3073518, at *2 (E.D.N.Y. Apr. 25, 2023)).

Here, "[alt]hough the deficiencies in Defendant's provisions of hiring notices may amount to violations of the labor law, neither Plaintiff nor the record demonstrates how those technical violations led to either a tangible injury or something akin to a traditional cause of action, as required by the Supreme Court" or the Second Circuit. *Guthrie II*, 2023 WL 2206568, at *6. Plaintiff alleges that "[n]o notification was given to [him] regarding overtime and wages under the FLSA and NYLL," and that 419 Manhattan "never provided [him] with each payment of wages a statement of wages" or "any notice in English and in Spanish ([his] primary language), of his rate of pay, employer's regular pay day, and such other information" required under the NYLL. (Compl., ECF No. 1 ¶¶ 41–43.) However, "[w]ithout plausible allegations that he suffered a concrete injury because of [419 Manhattan's] failure to provide the required notices and statements, [Plaintiff] lacks standing to sue for that statutory violation." *Guthrie III*, 113 F.4th at 311. Accordingly, the Court respectfully recommends that Plaintiff's NYLL wage notice and wage statement claims should be dismissed without prejudice for lack of standing.

### b.    Unpaid Wages and Untimely Pay (Count 8)

#### i.    Unpaid Wages

Plaintiffs allege that 419 Manhattan violated the NYLL by "failing to pay [him] for his work entirely for five months of work." (Compl., ECF No. 1 ¶ 79.) In other words, Plaintiff was not paid the minimum wage for each hour worked in a five-month period of his employment with 419 Manhattan. The Court has addressed Plaintiff's allegation regarding his unpaid wages for five months of work. (*See* § VI.D.1.a., *supra*.) Therefore, Plaintiff's unpaid wage claim under NYLL Article 6 is repetitive of Plaintiff's overtime wages and minimum wage claims. (*See* Mem., ECF No. 16-3 at 6–7 (characterizing the unpaid overtime wages and

minimum wage as unpaid wages).)  Accordingly, the Court respectfully recommends that 419 Manhattan should not be assessed further liability for unpaid wages.

### ii.    Untimely Pay

The NYLL requires employers to pay manual workers "weekly and not later than seven calendar days after the end of the week in which the wages are earned."  N.Y. Lab. Law § 191(1)(a)(i); *Tacuri v. Nithin Constr. Co.*, No. 14-CV-2908 (CBA)(RER), 2015 WL 790060, at *4 (E.D.N.Y. Feb. 24, 2015).  Similar to the WTPA statutory violations, after *TransUnion*, the Court must determine whether Plaintiffs' allegations that Defendants violated the NYLL's timely wage provision confers Article III standing.  (*See* § VI.D.2.a., *supra*.)  Courts in the Second Circuit have consistently held that the late payment of wages is a concrete harm sufficient to meet the Article III "injury-in-fact" requirement.  *Garcia v. Skechers USA Retail, LLC*, No. 23-CV-1055 (PKC)(JAM), 2024 WL 1142316, at *3 (E.D.N.Y. Mar. 15, 2024) (collecting cases). "This is because 'the loss of the time value of money owed to plaintiff is not a harm that might occur, but one that has occurred.'"  *Zachary v. BG Retail, LLC,* 716 F. Supp. 3d 339, 345 (S.D.N.Y. 2024) (quoting *Rankine v. Levi Strauss & Co.*, 674 F. Supp. 3d 57, 64 (S.D.N.Y. 2023)); *see also Levy v. Endeavor Air Inc.*, 638 F. Supp. 3d 324, 329 (E.D.N.Y. 2022) ("[T]he harm plausibly pleaded here by plaintiffs as resulting from the violation of § 191 is actualized"), *recons. denied*, *Levy v. Endeavor Air Inc.*, No. 21-CV-4387 (ENV)(JRC), 2024 WL 1422322 (E.D.N.Y. Mar. 29, 2024).

The Complaint's allegations describe "not a harm that *might* materialize, but one that *has* materialized."  *Levy*, 638 F. Supp. 3d at 329.  First, Plaintiff establishes his status as a manual worker because he was employed as a construction worker.  *See Andreyuk v. ASF Constr. & Excavation Corp.*, No. 19-CV-7476 (AEK), 2022 WL 4658457, at *12 (S.D.N.Y.

Sept. 30, 2022) ("The definition of 'manual worker' includes laborers, which plainly includes construction workers.") (citing N.Y. Lab. Law § 190(4)).  Second, Plaintiff asserts that 419 Manhattan "routinely issued payments to [him] after more than seven days and failed to pay [him] entirely for five months of work." (Compl., ECF No. 1 ¶ 39; *see also id* ¶ 78.)  In other words, "[t]he delay in receiving wages stripped plaintiff[] of the opportunity to use funds to which [he was] legally entitled.  Certainly, in accordance with the Supreme Court's instructions in *TransUnion*, this is an injury sufficiently analogous to harms traditionally recognized at common law." *Levy*, 638 F. Supp. 3d at 330; *see also Espinal v. Sephora USA, Inc.*, No. 22-CV-3034 (PAE) (GWG), 2024 WL 4241537, at *3 n.3 (S.D.N.Y. Sept. 19, 2024) ("the direct and immediate economic harm experienced by an employee who does not timely receive pay is a classically cognizable injury-in-fact") (citing *TransUnion*, 594 U.S. at 425). On that basis, Plaintiff sufficiently establishes Article III standing to contest Defendants' failure to timely pay wages under NYLL § 191.

Therefore, the Court respectfully recommends that 419 Manhattan should be liable for failure to timely pay Plaintiff his wages.

## VII. <u>DAMAGES</u>

As 419 Manhattan's liability has been established, the Court turns to evaluate damages. "While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages." *Bricklayers*, 779 F.3d at 189 (cleaned up). "On a motion for default judgment, a plaintiff has the burden to prove damages to the Court with a 'reasonable certainty.'" *Ramah v. 138 Hillside Ave Inc.*, No. 20-CV-3317 (LDH)(LB), 2021 WL 7906551, at *8 (E.D.N.Y. Aug. 24, 2021) (quoting *Credit Lyonnais Secs. (USA), Inc. v. Alcantra*, 183 F.3d 151, 155 (2d Cir. 1999)), *adopted by* Order Adopting

R. & R., *Ramah v. 138 Hillside Ave Inc.*, No. 20-CV-3317 (LDH)(LB) (E.D.N.Y. Sept. 16, 2021).

"That being said, because under [the] FLSA 'the burden is on an employer properly to record hours,' a 'plaintiff need not compute FLSA damages with precision.'" *Lopez v. Royal Thai Plus*, *LLC*, No. 16-CV-4028 (NGG)(SJB), 2018 WL 1770660, at *9 (E.D.N.Y. Feb. 6, 2018) (quoting *Harold Levinson Assocs., Inc. v. Chao*, 37 F. App'x 19, 20–21 (2d Cir. 2002)), *adopted by* 2018 WL 1770555 (E.D.N.Y. Apr. 12, 2018). "Under the FLSA framework, if an employer fails to keep records of work performed, a court may then award damages to the employee, even though the result may be only approximate." *Brito*, 2022 WL 875099, at *15; *see also Perry*, 2022 WL 1018791, at *3 ("In the context of a motion for default judgment on FLSA and NYLL claims, the plaintiff's recollection and estimates of hours worked are presumed to be correct.") (cleaned up).

Where a plaintiff has sufficiently established claims under the FLSA and NYLL, that plaintiff is "not entitled to recover under both FLSA and NYLL for [backpay] earned over the same period." *Royal Thai Plus*, 2018 WL 1770660, at *10. Rather, "[a] plaintiff may recover under the statute which provides the greatest amount of damages." *Brito*, 2022 WL 875099, at *9. Because the NYLL provides greater or equal recovery than the FLSA at all relevant times during Plaintiff's employment with Defendants, the Court will apply the NYLL for all damages calculations.

As described below, Plaintiff seeks unpaid minimum and overtime wages; liquidated damages; pre-judgment interest; post-judgment interest; attorneys' fees and costs; and a

penalty for untimely payment of judgment. (Mem., ECF No. 16-3 at 5–12.)[8]    Notably, Plaintiff requests $15,760.00 for total unpaid wages but does not specify the amounts of unpaid wages in each category. (Mem., ECF No. 16-3 at 7; Mulholland Affirmation Ex. D, ECF No. 16-7 (damages chart).) The Court will address each category of damages and refer to Plaintiff's requested amounts, if stated.

### A.    Minimum Wages

"While '[t]he FLSA allows recovery for unpaid 'straight' time only up to the minimum wage rate, . . . [the] NYLL provides . . . for a claim of straight time at a rate higher than the minimum wage if the parties previously agreed to that rate.'" *Marvici v. Roche Facilities Maint. LLC,* No. 21-CV-4259 (AS)(JLC), 2023 WL 5810500, at *6 (S.D.N.Y. Sept. 8, 2023), *adopted by* 2023 WL 6648902 (S.D.N.Y. Oct. 12, 2023) (quoting *Villar v. Prana Hosp., Inc.*, No. 14-CV-8211 (RA)(JCF), 2017 WL 1333582, at *4 (S.D.N.Y. Apr. 11, 2017)). The Court has already determined that Plaintiff's regular rate of pay was higher than the applicable minimum wage rate throughout his employment. (*See* § VII.A. a, *supra*.) Therefore, under the NYLL, Plaintiff is entitled to recover unpaid wages at the agreed-upon rate of pay for the periods of time when he did not receive any pay. *Marvici*, 2023 WL 5810500, at *6.

Plaintiff alleges that he was not paid any wages for hours worked from August 28, 2022 through December 16, 2022, when he would have been entitled to at least $20.00 per hour, his

---

[8] The Court will not address Plaintiffs' request for damages for failure to provide wage notices and wage statements, in violation of the WTPA, as these claims should be dismissed for lack of standing. (*See* § VI.D.2.a., *supra*.). Further, although the Court recommends that 419 Manhattan should be liable for failure to timely pay Plaintiff, the Court will not separately assess damages for this cause of action because they are already being considered within the minimum pay and overtime damages calculations. Moreover, to the extent that the Court's calculations differ from Plaintiff's due to rounding or other discrepancies, the Court's calculations will govern.

agreed upon pay rate with 419 Manhattan.  (Compl., ECF No. 1 ¶ 38; Damages Chart, ECF No. 16-7.)  To calculate the minimum wage damages, the Court multiplies the plaintiff's regular rate of pay by the number of regular rate hours worked per week, and multiplied by the number of weeks during the relevant time period. Applying this formula, Plaintiff is entitled to the total unpaid minimum wages set forth in Table 1:

*Table 1: Unpaid Minimum Wages (August 28, 2022 through December 16, 2022)*

| Time Period | Regular Pay Rate | Total Hours Worked Per Week | Regular Rate Hours Worked Per Week | Total Unpaid Min. Wages |
|---|---|---|---|---|
| 08/28/2022 to 09/03/2022 | $20.00 | 48 | 40 | $800.00 |
| 09/04/2022 to 09/10/2022 | $20.00 | 32 | 32 | $640.00 |
| 09/11/2022 to 09/17/2022 | $20.00 | 48 | 40 | $800.00 |
| 09/18/2022 to 09/24/2022 | $20.00 | 24 | 24 | $480.00 |
| 09/25/2022 to 10/01/2022 | $20.00 | 40 | 40 | $800.00 |
| 10/02/2022 to 10/08/2022 | $20.00 | 40 | 40 | $800.00 |
| 10/09/2022 to 10/15/2022 | $20.00 | 48 | 40 | $800.00 |
| 10/16/2022 to 10/22/2022 | $20.00 | 48 | 40 | $800.00 |
| 10/23/2022 to 10/29/2022 | $20.00 | 48 | 40 | $800.00 |
| 10/30/2022 to 11/05/2022 | $20.00 | 48 | 40 | $800.00 |
| 11/06/2022 to 11/12/2022 | $20.00 | 40 | 40 | $800.00 |
| 11/13/2022 to 11/19/2022 | $20.00 | 56 | 40 | $800.00 |
| 11/20/2022 to 11/26/2022 | $20.00 | 16 | 16 | $320.00 |
| 11/27/2022 to 12/03/2022 | $20.00 | 40 | 40 | $800.00 |
| 12/04/2022 to 12/10/2022 | $20.00 | 48 | 40 | $800.00 |
| 12/11/2022 to 12/16/2022 | $20.00 | 48 | 40 | $800.00 |
| | | | Total: | $11,840.00 |

Accordingly, the Court respectfully recommends that Plaintiff should be awarded unpaid minimum wages of **$11,840.00** for the time period August 28, 2022 through December 16, 2022.

### B.    Overtime Wages

As noted, "[u]nder both the FLSA and NYLL, plaintiffs are entitled to overtime compensation of at least one and one-half times their regular hourly rate" for hours worked in excess of 40 hours per week.  *Brito*, 2022 WL 875099, at *16; *Dejesus,* 726 F.3d at 88; 29 U.S.C. § 207(a)(1); 12 N.Y.C.R.R. § 142-2.2.  "Where a plaintiff is 'compensated below the statutory minimum wage under either [the FLSA or NYLL], the overtime fifty-percent premium is calculated based upon the applicable minimum wage not the plaintiff's actual pay rate.'"  *Brito*, 2022 WL 875099, at *16 (quoting *Guardado v. 13 Wall St., Inc.*, No. 15-CV-02482 (DRH)(SIL), 2016 WL 7480358, at *10 (E.D.N.Y. Dec. 2, 2016), *adopted by* 2016 WL 7480363 (E.D.N.Y. Dec. 29, 2016)).  When a Plaintiff is paid above the minimum wage, however, the "overtime compensation rate should be determined by multiplying [the] agreed upon wage rate by one and one-half."  *Marvici*,  2023 WL 5810500, at *7.  (*See* Damages Chart, ECF No. 16-7 at 1–2.)

The Court already determined that Plaintiff was entitled to the minimum wage rates set forth in the NYLL and its regulations because they were higher than the federal minimum wage rate during the relevant period.  (*See* § VI.D.1.a., *supra*.)  Specifically, during this period, the NYLL minimum wage was $15.00 per hour for employers of any size located in New York City.  N.Y. Lab. Law § 652(1)(a)(i)–(ii); 12 N.Y.C.R.R. § 142-2.1(a)(1)(i)–(ii).  Throughout Plaintiff's employment, however, his regular pay rate exceeded the applicable minimum wage rate at $20.00 per hour; therefore, the Court will multiply his regular pay rate by 1.5 to calculate his overtime pay rate.  *See Brito*, 2022 WL 875099, at *16.  "Because Plaintiff has already been paid a weekly amount for these [overtime] hours, the overtime wage deficiency is calculated by multiplying the difference between the paid rate and the overtime wage rate . . .

by the total number of overtime hours worked." *Ms. Wine Shop*, 643 F. Supp. 3d at 377.  For the weeks for which Plaintiff was not paid at all, the Court multiplies the overtime wage rate by the total number of overtime hours worked.  Applying these formulas, Plaintiff is entitled to the total unpaid overtime wages set forth in Table 2:

*Table 2: Unpaid Overtime Wages (All Dates)*

| Time Period | Regular Pay Rate | OT Pay Rate | Total Hours Worked Per Week | OT Rate Hours Worked Per Week | No. Weeks | Total Unpaid Min. Wages |
|---|---|---|---|---|---|---|
| 04/17/2022 to 08/27/2022 | $20.00 | $30.00 | 48 | 8 | 19 | $4,560.00 |
| 08/28/2022 to 09/03/2022 | $20.00 | $30.00 | 48 | 8 | 1 | $240.00 |
| 09/04/2022 to 09/10/2022 | $20.00 | $30.00 | 32 | 0 | 1 | $0.00 |
| 09/11/2022 to 09/17/2022 | $20.00 | $30.00 | 48 | 8 | 1 | $240.00 |
| 09/18/2022 to 09/24/2022 | $20.00 | $30.00 | 24 | 0 | 1 | $0.00 |
| 09/25/2022 to 10/01/2022 | $20.00 | $30.00 | 40 | 0 | 1 | $0.00 |
| 10/02/2022 to 10/08/2022 | $20.00 | $30.00 | 40 | 0 | 1 | $0.00 |
| 10/09/2022 to 10/15/2022 | $20.00 | $30.00 | 48 | 8 | 1 | $240.00 |
| 10/16/2022 to 10/22/2022 | $20.00 | $30.00 | 48 | 8 | 1 | $240.00 |
| 10/23/2022 to 10/29/2022 | $20.00 | $30.00 | 48 | 8 | 1 | $240.00 |
| 10/30/2022 to 11/05/2022 | $20.00 | $30.00 | 48 | 8 | 1 | $240.00 |
| 11/06/2022 to 11/12/2022 | $20.00 | $30.00 | 40 | 0 | 1 | $0.00 |
| 11/13/2022 to 11/19/2022 | $20.00 | $30.00 | 56 | 16 | 1 | $480.00 |
| 11/20/2022 to 11/26/2022 | $20.00 | $30.00 | 16 | 0 | 1 | $0.00 |
| 11/27/2022 to 12/03/2022 | $20.00 | $30.00 | 40 | 0 | 1 | $0.00 |
| 12/04/2022 to 12/10/2022 | $20.00 | $30.00 | 48 | 8 | 1 | $240.00 |
| 12/11/2022 to 12/16/2022 | $20.00 | $30.00 | 48 | 8 | 1 | $240.00 |
| | | | | Total: | | $6,960.00 |

Therefore, the Court respectfully recommends Plaintiff should be awarded unpaid overtime pay of **$6,960.00.**

## C.    Liquidated Damages

Plaintiff seeks $15,760.00 in liquidated damages.  (Mem., ECF No. 16-3 at 9.)  Under the NYLL, an employee may recover liquidated damages equal to the amount of unpaid

minimum wage and overtime compensation, unless the employer proves a good faith basis for believing that its underpayment of wages complied with the law.  N.Y. Lab. Law §§ 198(1-a), 663(1); *see also Perry*, 2022 WL 1018791, at *11.  Here, where 419 Manhattan defaulted and therefore made no showing that it acted in good faith when it underpaid Plaintiff, liquidated damages under the NYLL is appropriate in the same amount as the total unpaid minimum wage and overtime compensation of $18,800.00  (*See* § VII.A.–B., *supra*.)  Accordingly, the Court respectfully recommends that Plaintiff should be awarded **$18,800.00** in liquidated damages.

### D.    Pre-judgment Interest

Plaintiff also seeks pre-judgment interest in the amount of $2,597.07.  (Mulholland Affirmation Ex. D, ECF No. 16-7 at 2.)  "'It is well settled that in an action for violations of the FLSA prejudgment interest may not be awarded in addition to liquidated damages.'" *McLaughlin*, 2024 WL 4184485, at *16 (quoting *Fermin*, 93 F. Supp. 3d at 48 (cleaned up) and *Brock v. Superior Care, Inc.*, 840 F.2d 1054, 1064 (2d Cir. 1988).  In contrast, the NYLL enables a plaintiff to recover both liquidated damages and pre-judgment interest.  *See Fermin*, 93 F. Supp. 3d at 48.  Accordingly, Plaintiff is eligible to recover pre-judgment interest on compensatory damages for unpaid wages available under the NYLL at 9% per annum.  *See id.* at 49–50; N.Y. C.P.L.R. § 5004; *Burns v. Scott*, 635 F. Supp. 3d 258, 282 (S.D.N.Y. 2022), *recons. denied*, No. 20-CV-10518 (JGK), 2022 WL 18858909 (S.D.N.Y. Nov. 9, 2022) ("Prejudgment interest applies only to the amount of compensatory damages, and excludes the amount of liquidated damages.") (cleaned up); *see also Avedana*, 2021 WL 4255361, at *12 (applying pre-judgment interest rate to NYLL claims).

When damages "were incurred at various times, interest shall be computed upon each item from the date it was incurred or upon all of the damages from a single reasonable

intermediate date." N.Y. C.P.L.R. § 5001(b).  Courts applying N.Y. C.P.L.R. § 5001 have "wide discretion in determining a reasonable date from which to award pre-judgment interest[.]"  *Fermin*, 93 F. Supp. 3d at 49.  Courts generally calculate pre-judgment interest under the NYLL "from the midpoint date of the claims through the date judgment is entered" as well as from "the midpoint between the first and last dates of the plaintiff's NYLL claims." *Perry*, 2022 WL 1018791, at *13.

As discussed, the Court recommends that liquidated damages should be awarded for unpaid wages under the NYLL in the amount of $18,800.00, and thus, pre-judgment interest may be awarded.  (*See* § VII.C., *supra*.)  For purposes of calculating pre-judgment interest, the Court selects August 17, 2022, the midpoint between Plaintiff's start date of employment (April 17, 2022) and Plaintiff's end date of employment (December 16, 2022) as a reasonable intermediate date.  Applying a nine percent per annum rate, the Court respectfully recommends that Plaintiff should be awarded **$4,380.16** in pre-judgment interest from August 17, 2022, through March 18, 2025, the date of this Report and Recommendation.  This amount will increase by $4.64 per day until the entry of judgment.[9]

Accordingly, the Court respectfully recommends that Plaintiff should be awarded **$4,380.16** in pre-judgment interest using the midpoint method, which will increase by $4.64 per day until the entry of judgment.

---

[9] The Court calculates the daily pre-judgment interest rate by multiplying the total amount of unpaid wages ($18,800.00) by 9%, then dividing by 365, for a daily rate of $4.64.  The daily rate is then multiplied by the number of days between August 17, 2022, and March 18, 2025 (944 days).

### E.    Attorneys' Fees

Plaintiff seeks attorneys' fees in the amount of $2,400.00 based on the 6.40 hours of work by attorney Colin Mulholland at a rate of $375.00 per hour.  (Mem., ECF No. 16-3 at 10.)  "'Both the FLSA and NYLL are fee-shifting statutes which entitle a plaintiff to an award of reasonable attorney's fees and costs in wage-and-hour actions.'"  *Solis*, 2024 WL 4271234, at *17 (quoting *Callari v. Blackman Plumbing Supply, Inc.*, No. 11-CV-3655 (ADS)(AKT), 2020 WL 2771008, at *6 (E.D.N.Y. May 4, 2020), *adopted by* 2020 WL 2769266 (E.D.N.Y. May 28, 2020).  "District courts have broad discretion to determine the amount of attorneys' fees awarded, and the party requesting fees must submit documentation to support its request."  *Perry*, 2022 WL 1018791, at *14.

"The starting point for determining the presumptively reasonable fee award is the lodestar amount, which is the product of a reasonable hourly rate and the reasonable number of hours required by the case."  *Esquivel*, 2023 WL 6338666, at *16 (cleaned up).  "To determine a reasonable hourly rate, courts consider market rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation."  *Id.* (cleaned up).  "In FLSA cases in the Eastern District of New York, reasonable hourly rates range from $300 to $450 for partners, $200 to $325 for senior associates, $100 to $200 for junior associates, and $70 to $100 for legal support staff."  *Morales v. Los Cafetales Rest. Corp.*, No. 21-CV-1868 (AMD)(RER), 2023 WL 7684775, at *7 (E.D.N.Y. Oct. 12, 2023), *adopted by* 2023 WL 8021460 (E.D.N.Y. Nov. 20, 2023).  "If the Court finds that some of the time the attorney billed was not reasonably necessary, it should reduce the time for which compensation is awarded accordingly."  *Perry*, 2022 WL 1018791, at *14 (cleaned up).  "The applicant bears the burden to demonstrate reasonableness."  *Sadowski v. Yeshiva World News,*

*LLC*, No. 21-CV-7207 (AMD)(MMH), 2023 WL 2707096, at *8 (E.D.N.Y. Mar. 16, 2023), *adopted by* 2023 WL 2742157 (E.D.N.Y. Mar. 31, 2023).

Plaintiff requests an hourly rate of $375.00 for attorney Mulholland. (Mem., ECF No. 16-3 at 10.) Mr. Mulholland is a solo practitioner who focuses on FLSA and employment claims in New York City, was admitted to practice law in 2013, and has litigated dozens of FLSA claims and employment claims throughout his career. (*Id.*) "Based on the Court's knowledge of the rates generally charged for this type of work in connection with an FLSA default, Court finds that the rate of $375 per hour for a sole practitioner of Mr. Mulholland's experience is within the range of billing rates of similarly experienced attorneys working on comparable matters in the Eastern District." *Cisneros v. Zoe Constr. Corp.*, No. 21-CV-6579 (DG)(CLP), 2023 WL 5978702, at *13 (E.D.N.Y. Aug. 10, 2023), *adopted by* Order Adopting R. & R., *Cisneros v. Zoe Constr. Corp.*, No. 21-CV-6579 (DG)(CLP) (E.D.N.Y. Aug. 31, 2023).; *Flores v. Urciuoli*, No. 19-CV-6380 (ENV)(PK), 2022 WL 987353, at *7 (E.D.N.Y. Jan. 10, 2022), *adopted by* Order Adopting R. & R. *Flores v. Urciuoli*, No. 19-CV-6380 (ENV)(PK) (E.D.N.Y. Feb. 15, 2022). Therefore, the Court respectfully recommends an hourly rate of $375 for counsel's services.

The Court also finds that the number of hours expended in this case is reasonable for Mr. Mulholland. According to the billing records, Mr. Mulholland has expended a total of 6.40 hours on this case. (*See* Mulholland Affirmation Ex. E, ECF No. 16-8.) This total reflects the many tasks Mr. Mulholland completed to prosecute the case, such as drafting the Complaint and the instant motion, and does not include any unnecessary billing. (*Id.*)

Accordingly, the Court respectfully recommends that Plaintiff should be awarded **$2,400.00** in attorneys' fees.[10]

### F.    Costs

Plaintiff seeks $740.00 in costs, including fees for court filing and service of process. (Mem., ECF No. 16-3 at 10.)  Pursuant to both the FLSA and the NYLL, a prevailing plaintiff is entitled to an award of reasonable attorneys' fees and costs.  29 U.S.C. § 216(b); N.Y. Lab. Law § 663(1); *Avedana*, 2021 WL 4255361, at *13.  Plaintiff must provide sufficient documentary evidence to support an award of reasonable costs.  *Marine*, 2022 WL 17820084, at *11.  Further, the Court permissibly takes judicial notice of the docket notations for paid filing fees. *Phillips v. TraxNYC Corp.*, No. 21-CV-528 (LDH)(MMH), 2023 WL 1987206, at *11 (E.D.N.Y. Feb. 14, 2023), adopted by 2023 WL 2532006 (E.D.N.Y. Mar. 14, 2023).

A careful review of the records supports an award for Plaintiff's requested costs. Plaintiff is entitled to the $402 filing fee for this case, as the docket reflects that Plaintiff paid the $402 fee upon case initiation.  (ECF No. 1 Dkt. Entry.)  Plaintiff also submits counsel's invoices to support process server fees.  (*See* Mem., ECF No. 16-3 at 10; Mulholland Affirmation Ex. E, ECF No. 16-8 at 2.)  "Although this Court does not recommend a default judgment be entered against the individual Defendant[], the Court recommends approval of the full service fee bill because service on the principals of the business served as supplemental service on the corporate Defendant[s] to try to avoid a default." *Joe Hand Promotions, Inc. v. Crisis Bar LLC*, No. 21-CIV-6563 (PKC)(VMS), 2023 WL 2969308, at *12 (E.D.N.Y. Jan. 19, 2023), *adopted by* Order Adopting R. & R., *Joe Hand Promotions, Inc. v. Crisis Bar LLC*,

---

[10] The attorneys' fees are calculated as follows: ($375 hourly rate x 6.40 hours).

No. 21-CIV-6563 (PKC)(VMS) (E.D.N.Y. Feb. 2, 2023).  Therefore, the Court respectfully

recommends that Plaintiff should be awarded a total of **$740.00** in costs.

### G.    Post-judgment Interest

A plaintiff is "entitled to post-judgment interest on all civil money awards as a matter

of right in federal court."  *Brito*, 2022 WL 875099, at *27.  "[T]he award of post-judgment

interest is mandatory on awards in civil cases as of the date judgment is entered."  *Tru-Art Sign

Co. v. Local 137 Sheet Metal Workers Int'l Ass'n*, 852 F.3d 217, 223 (2d Cir. 2017) (citing 28

U.S.C. § 1961).  Accordingly, the Court recommends that Plaintiff should be granted post-

judgment interest, to be calculated from the date the Clerk of Court enters judgment in this

action until the date of payment, at the rate set forth in 28 U.S.C. § 1961.

### H.    Fifteen Percent Increase Penalty

Plaintiff further seeks an automatic increase of 15% of any unpaid amount of the

judgment still pending after 90 days following the entry of judgment, per NYLL § 198(4).

(Mem., ECF No. 16-3 at 12.)  Where there is a cause of action under the NYLL,

> [a]ny judgment or court order awarding remedies under this section shall
> provide that if any amounts remain unpaid upon the expiration of ninety days
> following issuance of judgment, or ninety days after expiration of the time to
> appeal and no appeal is then pending, whichever is later, the total amount of
> judgment shall automatically increase by fifteen percent.

N.Y. Lab. Law § 198(4).  "The increase applies only to damages awarded under state law."

*Perry*, 2022 WL 1018791, at *14 (collecting cases).

"Courts in this District have simultaneously awarded post-judgment interest under 28

U.S.C. § 1961 and have held the automatic increase penalty under the NYLL to apply."  *See

e.g.*, *Diaz v. Rene French Cleaners, Inc.*, No. 20-CV-3848 (RRM)(RER), 2022 WL 4646866,

at *12–13 (E.D.N.Y. Aug. 29, 2022), *adopted by* 2022 WL 4662247 (E.D.N.Y. Sept. 30, 2022)

(collecting cases); *see also Leo v. Province Therapeutics, LLC*, No. 23-CV-05418 (NJC) (JMW), 2024 WL 2923945, at *6 (E.D.N.Y. May 21, 2024), *adopted by* 2024 WL 2891798 (E.D.N.Y. June 10, 2024) (same). *But see Chen v. Asian Terrace Rest., Inc.*, No. 19-CV-7313 (BMC), 2022 WL 1460272, at *3 (E.D.N.Y. May 9, 2022) and *Quesada v. Hong Kong Kitchen Inc.*, No. 20-CV-5639 (BMC), 2021 WL 861800, at *2 (E.D.N.Y. Mar. 8, 2021) (holding that the NYLL penalty can only apply to judgments entered by a New York state court, and does not apply to federal judgments). In other words, "the one-time, late payment penalty is different in kind from a post-judgment interest award which accrues in perpetuity until the judgment is satisfied," and therefore is warranted in this case. *Diaz*, 2022 WL 4646866, at *13.

Accordingly, the Court respectfully recommends that Plaintiff's damages awarded under the NYLL should be increased by 15% if 419 Manhattan fails to timely satisfy the judgment pursuant to NYLL § 198(4).

## VIII.  <u>CONCLUSION</u>

For the foregoing reasons, the Court respectfully recommends that Plaintiff's motion for default judgment at ECF No. 16 should be **granted in part** as follows: (1) the Clerk of Court should enter the proposed default judgment (as amended)[11] against 419 Manhattan only; and (2) Plaintiff should be awarded damages in the amount of **$45,120.16**, which includes: (a) $11,840.00 for unpaid minimum wage; (b) $6,960.00 for unpaid overtime; (c) $18,800.00 for liquidated damages; (d) $4,380.16 in pre-judgment interest through today and accruing at a

---

[11] The amendments to the proposed judgment at ECF No. 17 are: (1) in the caption, removing the name of Mariuz Kuzniar, who was dismissed from this action (Apr. 12, 2024 Order); and (2) revising the requested damages to be consistent with this Report and Recommendation, if adopted, or the Court's order, if modified.

daily rate of $4.64 through the entry of judgment; (e) attorney's fees of $2,400.00; (f) costs of $740.00; (g) post-judgment interest at the rate set forth in 28 U.S.C. § 1961; and (h) an increase of 15% of any unpaid amount of the judgment still pending after 90 days following the entry of judgment, per NYLL § 198(4).  All other requests for relief in Plaintiff's motion should be **denied**.

A copy of this Report and Recommendation is being served on Plaintiff via ECF.  The Clerk of Court is respectfully directed to mail a copy of this Report and Recommendation to Defendants at 164A Driggs Ave Brooklyn, NY 11222 and 72-36 67th Street, Glendale, NY 11385.

Within 14 days of service, any party may serve and file specific written objections to this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).  Any requests for an extension of time to file objections shall be directed to Judge Chen.  If a party fails to object timely to this Report and Recommendation, it waives any right to further judicial review of this decision.  *See Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022).

**SO ORDERED.**

Brooklyn, New York
March 18, 2025

/s/Marcia M. Henry
MARCIA M. HENRY
United States Magistrate Judge